UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

BEVERLY FONDA WOODWARD,

        Plaintiff,

v.                                            Case No. 2:22-cv-639-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

        Defendant.
_____/

## ORDER

This cause is before the Court on Plaintiff's Unopposed Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 24; "Petition"), filed April 23, 2024. In the Petition, Plaintiff's counsel seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $8,230.20. Petition at 1; Plaintiff's Notice to Court Regarding Order Dated June 7, 2024 (Doc. No. 26; "Notice").[1] Plaintiff represents that Defendant does not oppose the relief requested. Petition at 2, 6.

---

[1] The originally-filed Petition seeks $8,527.20. See Petition at 1. On June 7, 2024, the undersigned entered an Order observing that Plaintiff's documentation only amounted to 34.4 total hours, rather than the 37.4 hours claimed. Plaintiff indicates the discrepancy is the result of an addition error, and clarifies she seeks compensation for 34.4 hours at an hourly rate of $239.25, for a total of $8,230.20. See Notice at 1.

Plaintiff's counsel indicates a total of 34.4 hours were expended in the representation of Plaintiff before the Court. See Doc. No. 24-1; "Itemization of Time"; Notice. Plaintiff requests approval of an hourly rate of $239.25. Petition at 3-4, n.2; Itemization of Time. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition and supporting documentation, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees such that the hourly rate requested is reasonable.[2]

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Petition at Ex. 2 (Contingent Fee Agreement). Regarding the assignment, Plaintiff represents the following:

> The parties agree that after the Court issues an order accepting th[e] Petition, the Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of Treasury determines that . . . Plaintiff does not owe a federal debt,

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited July 1, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, 325 F. Supp. 2d 1342, 1346 (M.D. Fla. 2002).

2

>the government will accept Plaintiff's Assignment of EAJA fees . . . and pay fees directly to Plaintiff's counsel.

Id. at 4.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 24), as later supplemented (Doc. No. 26), is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $8,230.20 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on July 1, 2024.

JAMES R. KLINDT<br>
United States Magistrate Judge

kaw
Copies:
Counsel of Record